IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERTA F. MILLER,

Plaintiff,

v.

CITY OF PORTLAND, OFFICER JOHN
SCRUGGS, personally, OFFICER TIMOTHY
MANZELLA, personally, MICHAEL REESE,
personally,

Defendants.

3:12-cv-1222-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Pending Motion*

Presently before the court is Roberta F. Miller's ("Miller") Motion for Award of Attorney Fees. On August 29, 2013, pursuant to Miller's Acceptance of Offer of Judgment, the court entered Judgment against only the City of Portland ("City"); the individual defendants were dismissed, with prejudice. Pursuant to the City's Offer of Judgment, Miller was awarded $1,000.00, plus costs. The

1 - FINDINGS AND RECOMMENDATION

Judgment also specified an award for attorney fees incurred as of April 13, 2013, as determined by the court. Miller now seeks $16,900 in attorney fees.

The City opposes Miller's request for fees; both on entitlement grounds and as to the amount sought. For the reasons that follow, Miller's request for attorney fees should be denied.

*Procedural Background*

On July 8, 2012, Roberta Miller, individually and as personal representative of the Estate of Baby Miller, filed a Complaint against the City, and three named individuals, arising from Miller's interaction with the Portland Police on July 12, 2010. Specifically, Miller alleged she was confronted by the Portland Police when she was 7.5 months pregnant and questioned about her tenancy at 7633 SE Henderson Street in Portland. According to Miller's Complaint, one of the named officers "proceeded to throw [her] and her pregnant abdomen over the roll bar and grill of his vehicle with force." (Compl. ¶ 7.) Miller further alleged that following the incident she went to the hospital and provided the name of a friend and eyewitness to the incident, Toni Marie Smith, as an alias at the hospital admission. (Compl. ¶ 14.) Miller maintained that because of the use of force against her she "suffered four days of intense pain and discomfort and an ultimate hospitalization at Portland Adventist Hospital and aborted pregnancy." (Compl. ¶ 12.) Miller was never charged with a crime, nor were the officers found to be at fault for their actions that day. (Compl. ¶ 13.)

In her Complaint, Miller asserted seven claims for relief arising from her encounter with the Portland Police. Specifically, Miller brought three claims pursuant to 42 U.S.C. § 1983, for alleged civil rights violations – a Fourth Amendment claim for wrongful arrest and excessive force; a Fourth Amendment claim for unreasonable and arbitrary conduct that shocks the conscience; and a *Monell*

claim grounded in the Fourth Amendment. In addition, Miller alleged four Oregon state tort law claims – negligence, intentional infliction of emotional distress, wrongful death, and battery.

Directly arising from the same events with Portland Police, Miller also filed two cases in the Circuit Court of the State of Oregon for the County of Multnomah. (J. Scott Moede Aff. Exs. 3 and 4, Nov. 13, 2013.) With respect to the two state court cases, Miller filed a Petition in the Multnomah County Circuit Court on March 29, 2012, Case No. 1203-03980, based upon a need to obtain records from Portland Adventist Hospital to verify Miller's claim of pregnancy. Miller filed a Declaration in support of her Petition, explaining she was unable to obtain the records "due to use of an alias and no matching identification." (Moede Aff. Ex. 4 at 6.) On March 29, 2012, the Circuit Court granted an Order authorizing such discovery (Moede Aff. Ex. 4 at 4.)

In addition, on February 28, 2011, Miller filed a Petition for Administration of Intestate Estate and Appointment of Personal Representative in Multnomah County Case No. 1102-90314. The Petition sought to have an estate opened and administered on behalf of the unborn fetus, and sought an appointment of a personal representative of the estate. (Moede Aff. Ex. 3.) By General Judgment, dated May 6, 2011, the Circuit Court denied the Petition to admit the estate to administration and further ordered there would be no appointment of a personal representative. (Moede Aff. Ex. 3.) Miller thereafter filed a Motion to Reopen the case which was again denied by Order dated April 16, 2012. (Moede Aff. Ex. 3.)

Despite the state court's denial of Miller's Petition to open an estate on behalf of "Baby Miller," or appoint Roberta Miller as the personal representative, Miller's Complaint in this case, including the factual allegations and the claims, names her as personal representative of the estate of "Baby Miller." (Compl. 1.) Moreover, the Circuit Court's Order denied Miller's request to assert

3 - FINDINGS AND RECOMMENDATION

a wrongful death claim on behalf of the unborn fetus, but she alleged that claim in her Complaint in this court. (Compl. ¶¶ 34-37.)

Following service of the Summons and Complaint, the parties conferred and defense counsel noted the General Judgment and Supplemental Judgment of the Circuit Court. (Moede Aff. ¶ 4.) As a result, Miller's counsel filed an Amended Complaint on December 7, 2012, omitting Roberta Miller as a personal representative and also omitting the wrongful death claim. Although not alleged in her Amended Complaint, the City contends Miller continued to maintain she was pregnant at the time of the incident. As such, counsel for the City conducted discovery seeking any and all records related to Miller's alleged pregnancy. (Moede Aff. Ex. 5.)

In fact, the City filed a Motion to Compel production of those records and, on May 23, 2013, this court issued a Minute Order:

> GRANTING in part Defendants motion to compel [23] as follows: (1) Plaintiff has until 8/2/13 to produce medical records and documents relating to lost income, as requested by defendants. (2) If plaintiff does not produce the documents requested by 8/2/13, the court will entertain a motion by defendants to strike plaintiffs claims for economic damages. (3) Further ORDERED, if the documents requested are not produced by 8/2/13 and plaintiff subsequently produces them, plaintiff will not be permitted to amend her complaint to replead any economic damage claims the court previously ordered stricken for failure to make discovery. (4) Defendants request for fees and costs incurred with the filing of this motion are denied, without prejudice. (5) Plaintiff is hereby notified that if she fails to appear for her scheduled deposition or for a rescheduled deposition before the 8/2/13 discovery close date, the court may impose sanctions, including preclusive sanctions and dismissal of her lawsuit. ORDER: GRANTING in part Plaintiffs motion to extend time [28] as follows: (1) Discovery is to be completed and the parties are to file a joint ADR report by 8/2/13. (2) Dispositive motions are to be field on or before 9/9/13.

(Minutes of Proceedings, May 23, 2013.)

Despite the court-ordered deadline to produce records by August 2, 2013, no medical records of any kind were ever produced. (Moede Aff. ¶ 12.) On August 28, 2013, following Miller's failure

4 - FINDINGS AND RECOMMENDATION

to produce medical records, and twelve days prior to the September 9, 2013, dispositive motion deadline, counsel for Miller and counsel for the City met and negotiated an Offer of Judgment for $1,000, which Miller accepted. This Offer of Judgment was identical to one made April 16, 2013. (Moede Aff. Ex. 7.)

*Discussion*

Miller's counsel, Leonard R. Berman, filed a Motion for Attorney Fees seeking $16,900, for 52 hours of work on this case at a rate of $325 per hour. In support of his request for fees, Berman submitted a Declaration outlining his experience to justify the requested rate, and an invoice setting forth the items of work and time expended in support of the requested hours. (Leonard R. Berman Decl., October 24, 2013.)

The City opposes Berman's request for attorney fees on the ground he is not entitled to an award of fees for a *de minimis* settlement. Alternatively, even if the court should determine an award of fees is appropriate, "there are numerous reasons to reduce the hours requested and that, in any event, a departure downward would be appropriate in this case." (Defs.' Opp. Fees 5.) Specifically, the City challenges Berman's request for hours because of inadequate detail or block-billing; the request for time expended on unsuccessful probate work; a request for reimbursement for clerical work; excessive billing related to email; hours expended on procuring Toni Smith's medical records that were never produced; and, requests related to Miller's failure to maintain contact with counsel. (Defs.' Opp. Fees 2.)

The City does not challenge Miller's status as the "prevailing party" in this litigation. In fact, the City expressly allowed for reasonable attorney fees in its Offer of Judgment, *i.e.*, "including reasonable attorney's fees, *to be determined by the Court* . . . ." (Judgment, August 29, 2013

5 - FINDINGS AND RECOMMENDATION

(emphasis added).) Thus, the court is charged with determining an appropriate fee award. Assuming for purposes of this motion that Miller is a § 1988 prevailing party, as a threshold matter, the court must determine whether Miller is *entitled* to a fee award.

In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1124 (9th Cir. 2008). Nevertheless, in *Farrar v. Hobby*, the Supreme Court made clear that prevailing party status is not a *per se* entitlement to a fee award. 506 U.S. 103, 112 (1992). ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all."); *see also Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994) ("*Farrar* therefore teaches that an award of nominal damages is not enough.") The discretion to make an award under the circumstances here remains with the district court. "The district court is in the best position to ascribe a reasonable value to the lawyering it has witnessed and the results that lawyering has achieved." *Wilcox*, 42 F.3d at 555 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("It is central to the awarding of attorney's fees under § 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case.")

If a district court chooses to award fees pursuant to a judgment for only nominal damages, it must point to some additional aspect (beyond the nominal damage award) in which the litigation succeeded. *Wilcox*, 42 F.3d at 555; *accord Benton v. Oregon Student Assistance Comm'n*, 421 F.3d

6 - FINDINGS AND RECOMMENDATION

901, 905 (9th Cir. 2005). Factors supporting a fee award when plaintiff receives only nominal damages include sparking a change in policy, establishing a finding of fact with potential collateral estoppel effects, a significant legal issue on which plaintiff claims to have prevailed, or a success that accomplished some public goal. *Benton*, 421 F.3d at 905. In making that determination, the court must consider three factors: (1) "[t]he difference between the amount recovered and the damages sought, which in most nominal cases will disfavor an award of fees"; (2) "the significance of the legal issue on which the plaintiff claims to have prevailed"; and (3) "whether the plaintiff accomplished some public goal." *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010) (citations and internal quotation marks omitted).

In today's dollars, $1,000 seems inadequate compensation for the injuries Miller claims to have suffered in this case. She alleged serious injuries, not mere technical invasions of her rights. Under the circumstances, the "award" she received was favorable to the City and cannot be viewed as satisfying Miller's alleged harm. Thus, the $1,000 received by Miller, pursuant to the Rule 68 Offer of Judgment, constitutes a *de minimis* judgment. *See, e.g., Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("Nominal damages" is not limited to an award in the amount of $1, but includes an award that may properly be classified as "*de minimis*."), *as amended by*, 101 F.3d 981 (9th Cir. 1997); *see also* Restatement (Second) of Torts § 907 (1979) (defining nominal damages as those awarded in lieu of any proven compensatory damages). Consequently, the court will consider the three factors above.

Turning to the first factor, Miller initially sought economic damages in amounts to be determined at trial, non-economic damages in the sum of $1 million, and punitive damages in amounts to be determined a trial. (Compl. 7.) Miller's Amended Complaint omitted the request for

7 - FINDINGS AND RECOMMENDATION

$1 million in non-economic damages, but she continued to request both economic and punitive damages. In sum, Miller sought an award of an indeterminate amount of compensatory and punitive damages on her § 1983 claims. She received a $1,000 monetary award pursuant to the Offer of Judgment, but she did not obtain either a favorable verdict or an admission of liability on her § 1983 claims. Thus, Miller's monetary success as a result of the Rule 68 Judgment was insubstantial. The first factor looks only to the difference between the damages sought and obtained. In the circumstances of this case, the first factor disfavors an award of attorney's fees.

Next, the court considers the significance of the legal issue on which Miller claims to have prevailed. Miller did not prevail on any legal issue in this litigation. As a result of Miller's failure to produce evidence in support of the claims set forth in the Amended Complaint, this litigation never meaningfully commenced, as there was no determination, or even consideration, of the merits of Miller's § 1983 claims. In fact, there was little if any discovery. Ultimately, and mere days before summary judgment motions were to be filed, counsel for Miller accepted an Offer of Judgment identical to one proffered by the City in April 2013. The history of this case makes clear the Rule 68 Offer served a solely utilitarian purpose and was neither an acknowledgment of wrongdoing by the City or its officers, nor recognition of harm suffered by Miller. In that regard, this case falls short of circumstances in which plaintiff is awarded even nominal damages upon a finding plaintiff's constitutional rights were violated. *See Benton*, 421 F.3d at 908 (finding of constitutional violation is a prerequisite to an award of nominal damages in a civil rights case). Accordingly, the second factor also disfavors an award of attorney fees.

Lastly, the third factor requires the court to consider whether Miller accomplished some other goal, either for the public at large or a benefit to her personally. *See Benton*, 421 F.3d at 906-08

(court considers whether nominal award benefitted either the public at large or plaintiff personally). Unlike the cases in which even a nominal judgment is awarded by the jury, there has been no change in the legal relationship between the parties. *See Farrar*, 506 U.S. at 111 (only when plaintiff obtains at least some relief on the merits of her claim, may the civil rights litigation effect "the material alteration of the legal relationship of the parties"). Miller did not obtain a judgment on the merits of her claims, nor did the Offer of Judgment in this case achieve any desired results, such as bringing about a change in defendants' conduct or policies and practices. Indeed, Miller does not even argue, let alone identify, a public purpose served or benefit realized as a result of the Judgment. Nor is the court able to find *any* impact as a result of Miller bringing the claims in this case. Under the circumstances, the third factor disfavors an award of attorney fees.

All three factors weigh against an award of attorney fees here. As set forth above, the award of attorney fees in civil rights cases is in the discretion of the district court and not absolute. The court must recognize both the directive of § 1988, and subsequent case law requiring a reasoned consideration of the entitlement to fees in each case. Section 1988 was never intended to produce windfalls for attorneys, but instead it served Congress' concern for attracting competent counsel to prosecute civil rights cases. The recovery of $1,000 pursuant to an Offer of Judgment and no acknowledgment of wrongdoing, in the absence of any other benefit from the litigation, does not justify the award of fees. Nor does the denial of attorney fees in this instance contravene Congress' intent. Under the authority of *Farrar*, and subsequent Ninth Circuit case law interpreting *Farrar*, the court determines Miller is not entitled to an aware of attorney's fees in this case. *See Farrar*, 506 U.S. at 115 ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness . . . ."); *see also*

9 - FINDINGS AND RECOMMENDATION

*Benton*, 421 F.3d at 908 (Ninth Circuit reverses district court's fee award upon a finding there was no "tangible result" of the litigation that would support an attorney's fee award).

*Conclusion*

Based upon the foregoing, Miller's Motion for Attorney's Fees (doc. #40) should be DENIED.

DATED this 10th day of June 2014

John V. Acosta
United States Magistrate Judge

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 25, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.